**BI QIU LIN, aka Bi–Qiu Lin, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

**No. 07–5096–ag.**

United States Court of Appeals, Second Circuit.

July 7, 2009.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General;  Mary Jane Candaux, Assistant Director;  Aimee J. Frederickson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT:  DENNIS JACOBS, Chief Judge, and JON O. NEWMAN and WALKER, Circuit Judges.

***SUMMARY ORDER***

Petitioner Bi Qiu Lin, a native and citizen of the People's Republic of China,

---

lenge any such finding is not dispositive of this case.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

seeks review of an October 22, 2007 order of the BIA denying her motion to reopen. *In re Bi Qiu Lin,* No. A071 497 081 (B.I.A. Oct. 22, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Lin's untimely motion to reopen.

Lin argues that because the agency failed to adequately consider her particularized evidence of changed country conditions, the agency erred in finding she did not demonstrate her *prima facie* eligibility for relief. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or a reasonable possibility of persecution. *See id.* (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Moreover, the BIA explicitly considered Lin's evidence and reasonably found that it did not demonstrate material changed country conditions in China or

reference the treatment of individuals similarly situated to Lin, *i.e.,* Chinese nationals with U.S. citizen children. *See Jian Hui Shao,* 546 F.3d at 160–61.

Contrary to the government's argument, we find that Lin challenges the BIA's finding that she was ineligible to file a successive asylum application based on her changed personal circumstances; however, any such argument is foreclosed by our decision in *Yuen Jin v. Mukasey,* 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).